**Mary SHANER, Relator,**

v.

**INDEPENDENT SCHOOL DISTRICT NO. 2884, RED ROCK CENTRAL, MINNESOTA, Respondent.**

No. C8–99–1331.

Court of Appeals of Minnesota.

Jan. 25, 2000.

Harley M. Ogata, St. Paul, for relator.

Kevin J. Rupp, Joseph J. Langel, Ratwik, Roszak & Maloney, P.A., Minneapolis, for respondent.

Considered and decided by ANDERSON, Presiding Judge, SHORT, Judge, and SHUMAKER, Judge.

## OPINION

G. BARRY ANDERSON, Judge.

Relator Mary Shaner, a schoolteacher, was placed on unrequested leave of absence by respondent school district. She then sought employment elsewhere. The district offered to recall relator in the middle of the 1998–99 school year, but she declined because she was under contract in another district. The district subsequently offered the position to a less senior teacher. Relator claimed entitlement to the position for the 1999–2000 school year but the district disagreed. Because the district is not required to delay filling an open position until the most senior teacher on leave is available, we affirm the district's decision.

## FACTS

Relator is a continuing contract (tenured) teacher with respondent Independent School District No. 2884 ("the district"). On June 30, 1997, relator was placed on unrequested leave of absence. Relator was apparently without full-time teaching work for the 1997–98 academic year. On July 8, 1998, relator accepted a full-time teaching position with another school district for the 1998–99 school year.

On July 20, 1998, a teacher in the district resigned from his teaching position, effective January 22, 1999. The district offered relator the position, but she declined because she was under contract through the end of the 1998–99 school year. Relator, however, informed the district that she still wished to be recalled to the district when she became available. The district then offered the position to another teacher who also had been placed on an unrequested leave of absence, Nancy Kissner. Kissner, who had less seniority than relator, accepted the position.

After Kissner had accepted the position and begun teaching, both relator and her union sent letters to the district claiming that relator was entitled to the position for the 1999–2000 school year. On June 4, 1999, the district's superintendent replied that the position had been filled by Kissner and was no longer available.

## ISSUE

Did the district err in its conclusion that relator is not entitled, under Minn.Stat. § 122A.40, subd. 11 (1998), to the teaching position held by Kissner?

## ANALYSIS

A school district is acting in an administrative capacity when making personnel decisions. *Beste v. Independent Sch. Dist. No. 697*, 398 N.W.2d 58, 60 (Minn.App.1986). Thus, this court reviews a school district's decision to determine

whether it was "fraudulent, arbitrary, unreasonable, not supported by substantial evidence on the record, not within its jurisdiction, or based on an erroneous theory of law." *Harms v. Independent Sch. Dist. No. 300*, 450 N.W.2d 571, 574 (Minn.1990) (citation omitted). Questions of law, such as questions of statutory construction, are reviewed de novo. *Minneapolis Pub. Hous. Auth. v. Lor*, 591 N.W.2d 700, 702 (Minn.1999).

■ Relator contends that the district's decision was based on an erroneous theory of law. She argues that because she was the most senior qualified teacher on leave, the district was required to accommodate her obligation to the other school district by hiring someone to finish the 1998–99 school year and then reinstating her for the 1999–2000 year. Relator does not challenge her initial placement on unrequested leave of absence. Moreover, relator conceded at oral arguments that she has no right to "bump" a teacher from her position.

Under the Teacher Tenure Act, a school board may place teachers on unrequested leave of absence if necessary due to financial constraints, lack of students, discontinuation of a position, or a merger of classes caused by a consolidation of districts. Minn.Stat. § 122A.40, subd. 11 (1998). The method for determining which teachers to place on leave is based on seniority, with the least senior teachers being placed on leave first. *Id.*, subd. 11(b). Teachers must be reinstated to their positions, or other available positions, in inverse order of that in which they were placed on leave. *Id.*, subd. 11(e). Thus, the most senior teachers on leave are to be recalled first. *See Berland v. Special Sch. Dist. No. 1*, 314 N.W.2d 809, 817 (Minn.1981).

From this statutory framework, relator would have us infer a "super-seniority" system in which the sole focus would be reinstating the most senior teachers, regardless of the circumstances. We decline to make such an inference. The legislature, had it wished, could have expressly created such a system, but it chose not to do so. Although the legislature, with the Teacher Tenure Act, adopted a policy to protect seniority rights, the act does not protect those rights at the expense of all other considerations. *See Strand v. Special Sch. Dist. No. 1*, 392 N.W.2d 881, 885 (Minn.1986). Along with seniority considerations, the legislature has recognized the importance of allowing school districts the flexibility to effectively administer their schools. *Id.* Relator's interpretation of the act would defeat the latter policy.

From an administrative standpoint, the district has a strong interest in seeing its vacant positions filled by a permanent teacher as soon as possible. Relator's theory would put the district "on hold," requiring it to hire a temporary, perhaps even marginally qualified, teacher to fill the vacancy. At the same time, a qualified permanent teacher would remain on leave. Relator's theory would detract from continuity and permanence in school staffing, qualities essential not only to school administration, but also to the educational environment of the most important actors in this equation, the students.

■ We therefore hold that the Teacher Tenure Act provides teachers with the right of first refusal to open positions, but does not compel the district to delay filling an open position if the most senior teacher is not able to accept the position when it is available. In the present case, the district vindicated relator's right of first refusal by offering her the vacant position to begin January 22, 1999. Once relator declined that offer, the district was free to offer the position to the next teacher in line.

We do not imply, however, that the district lacked authority to adopt a procedure like that urged by relator if it wished. Neither that issue nor the district's contention that following relator's suggested procedure violated Kissner's rights is before us and we do not decide either issue.[1]

## DECISION

The district did not err in its conclusion that relator was not entitled to the teaching position.

**Affirmed.**

1. Relator's argument is further weakened by the record which, while it does reflect her desire to regain her former position, does not contain any evidence that her suggested procedure was proposed to the district before a contract was offered to Kissner. Thus, any claim that the district's actions were unreasonable or arbitrary fails.